

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2006

# Florence Mining Co v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Florence Mining Co v. Director OWCP" (2006). *2006 Decisions*. Paper 733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1310

THE FLORENCE MINING COMPANY,

Petitioner

v.

DIRECTOR, OWCP, UNITED STATES DEPARTMENT OF LABOR;
BARRY L. HENDERSON,

Respondents

Petition for Review of a Decision and Order of
the Benefits Review Board, United States
Department of Labor
(No. 04-0350 BLA)

Submitted pursuant to Third Circuit LAR 34.1(a)
July 11, 2006

Before: SLOVITER, McKEE and RENDELL,
Circuit Judges

(Filed: July 19, 2006)

OPINION

McKEE, Circuit Judge.

The Florence Mining Company petitions for review of a decision of the Benefits

Review Board ("BRB") affirming a decision of an Administrative Law Judge awarding

Barry L. Henderson, a former employee of Florence Mining, benefits under the Black

1

Lung Benefits Act, 30 U.S.C. §§ 901-945.  For the reasons that follow, we will deny the

petition for review.

**I.**

Because we write primarily for the parties, we will recite only as much of the

factual and procedural history of this case as is helpful to our brief discussion.[1]  The ALJ

found that although the x-ray evidence did not establish the existence of pneumoconiosis

by a preponderance of the evidence pursuant to 20 C.F.R. § 718.202(a)(1), the weight of

the medical opinion evidence established the existence of both clinical and legal

pneumoconiosis, *see* n.2, *infra.*, pursuant to 20 C.F.R. § 718.202(a)(4).   That regulation

provides:

> A determination of the existence of pneumoconiosis may also be made if a
> physician, exercising sound medical judgment, notwithstanding a negative
> X-ray, finds that the miner suffers or suffered from pneumoconiosis as

---

[1]In *Mancia v. Director, OWCP*, 130 F.3d 579 (3d Cir. 1997), we explained our
standard of review:

> The [BRB] is bound by the ALJ's findings of fact if they are supported by
> substantial evidence.  Our review of the [BRB's] decision is limited to a
> determination of whether an error of law has been committed and whether
> the [BRB] has adhered to its scope of review.  In doing so, we must
> independently review the record and decide whether the ALJ's findings are
> supported by substantial evidence.  Substantial evidence has been defined
> as more than a mere scintilla.  It means such relevant evidence as a
> reasonable mind might accept as adequate to support a conclusion.

*Id*. at 584 (citation omitted).

defined in § 718.201.[2]  Any such finding shall be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function tests, physical examination, and medical and work histories.  Such a finding shall be supported by a reasoned medical opinion.

In concluding that the weight of the medical evidence established the existence of pneumoconiosis, the ALJ considered the medical opinions of three physicians.  Dr. Vijay Malhotra, a board-certified internist, who performed an evaluation on behalf of the Department of Labor, opined that although Henderson's chest x-ray was negative for pneumoconiosis, he suffers from industrial bronchitis due to coal dust exposure.  Dr. John Schaff, a board certified pulmonologist and internist, who performed an evaluation on behalf of Henderson, opined that Henderson's chest x-ray was positive for clinical pneumoconiosis and that Henderson also suffers from chronic bronchitis due to coal dust exposure.  Dr. Robert Pickerill, a board certified pulmonologist, who performed an evaluation on behalf of Florence Mining, opined that Henderson's chest x-ray was negative for pneumoconiosis and that he suffers from chronic obstructive bronchial asthma unrelated to his coal mine employment.

The ALJ concluded that while Dr. Pickerill's opinion was documented and

---

[2]20 C.F.R. § 718.201 defines pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments arising out of coal mine employment.  This definition includes both medical, or 'clinical', pneumoconiosis and statutory, or 'legal', pneumoconiosis."  "The statutory definition of pneumoconiosis (i.e., any lung disease that is significantly related to, or substantially aggravated by, dust exposure in coal mine employment) is much broader than the medical definition, which only encompasses lung disease caused by fibrotic reaction of lung tissue to inhaled dust." *Mancia v. Director, OWCP*, 130 F.3d 579, 581 n.3 (3d Cir. 1997) (citation omitted).

reasoned, Dr. Schaff's opinion better explained that Henderson's symptoms of coughing and wheezing with pulmonary obstruction and restriction were not due to asthma, as Dr. Pickerill opined. Rather, those symptoms resulted from coal dust exposure. Dr. Schaff convincingly explained how his diagnosis was supported by Henderson's history of at least sixteen years of coal mine employment, symptoms, pulmonary function abnormalities, and reduced diffusing capacity. The ALJ also found that Dr. Schaff's diagnosis of coal dust related chronic bronchitis was corroborated by Dr. Malhotra's diagnosis of industrial bronchitis due to coal dust exposure.

In its petition for review, Florence Mining argues that the opinions of Drs. Schall and Malhotra were unreasoned and, therefore, could not be relied upon by the ALJ. Essentially, Florence Mining contends that the ALJ should have relied upon Dr. Pickerill's opinion and found that Henderson did not prove the existence of pneumoconiosis. We disagree. The ALJ was faced with three physicians giving different opinions regarding the cause of Henderson's pulmonary disability. The ALJ carefully reviewed the findings and opinions of each physician and made determinations of credibility and weight. That is precisely what he is required to do. As we said in *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158 (3d Cir. 1986):

> In reaching a decision, an ALJ should set out and discuss the pertinent medical evidence presented. The ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences.

*Id.* at 163 (citations omitted). Accordingly, the ALJ was acting well within his discretion

in crediting the opinions of Drs. Schaff and Malhotra over the opinion of Dr. Pickerill.

Florence Mining also argues that Dr. Schaff's reliance on his own chest x-ray to diagnose clinical pneumoconiosis, when all of the x-ray evidence taken together did not merit a positive finding pursuant to 20 C.F.R. § 718.202(a)(1), "should have been deemed error, thus negating the ALJ's conclusion that Dr. Schall found clinical pneumoconiosis." Petitioner's Br. at 19. However, this argument is the proverbial "red-herring." Dr. Schaff also opined that Henderson suffered from chronic or industrial bronchitis arising from coal dust exposure. Moreover, Dr. Schaff's opinion in this regard was corroborated by the opinion of Dr. Malhorta. Therefore, the ALJ's finding that Henderson established the existence of legal pneumoconiosis in the form of chronic or industrial bronchitis makes Henderson eligible for benefits even if he does not suffer from clinical pneumoconiosis.

## II.

For the above reasons, we hold that the ALJ's findings are supported by substantial evidence. Accordingly, we will deny the petition for review.